UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **FIRST FINANCIAL INSURANCE COMPANY** | * | CIVIL ACTION NO. _____ |
| **VERSUS** | * | JUDGE _____ |
| **JOSE ARRIAGA** d/b/a **HOME IMPROVEMENT SERVICE** | * | MAGISTRATE JUDGE _____ |

*************************************************************************************

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes and appears FIRST FINANCIAL INSURANCE COMPANY, a foreign insurance company doing business within the State of Louisiana, who respectfully avers as follows:

1.

First Financial Insurance Company is a foreign insurance company not domiciled within the State of Louisiana but who does business within the State of Louisiana.

2.

Made defendant herein are: (1) **JOSE ARRIAGA**, individually and doing business as **HOME IMPROVEMENT SERVICE,** who is of the full age of majority and resides at 721 Division Street, Metairie, Louisiana in Jefferson Parish, Louisiana. (Hereinafter sometimes collectively referred to as Arriaga); (2) **JULES DEUTSCH** and **CYNTHIA DEUTSCH**, both domiciled in the Parish of Orleans, State of Louisiana (hereinafter sometimes collectively referred to as Deutsch; and (3) **WITHERSPOON CONSTRUCTION COMPANY, INC.**, a corporation organized under the laws of the State of Louisiana and having its registered office and domicile in the Parish of Orleans, State of Louisiana.

3.

As detailed more fully below, since the controversy at issue involves citizens of different states and exceeds the sum of $75,000.00, jurisdiction is proper in this matter pursuant to 28 USC § 1332.

4.

Defendant Arriaga has been made a third party defendant by Witherspoon Construction Company, Inc. in the matter entitled "*Jules Deutsch v. Witherspoon Construction Company, Inc., et al*" bearing Docket Number 08-3552 currently pending in the Civil District Court for the Parish of Orleans, State of Louisiana. Complainant, who is not a party to said litigation, is providing defendant Arriaga with a defense in that litigation. (Hereinafter sometimes referred to as the "state court litigation")

5.

Complainant issued a policy of insurance to defendant Arriaga bearing policy number 095F004599 with a policy period of February 2, 2007 through February 9, 2008 which is incorporated herein as if copied verbatim.

6.

Complainant is seeking a declaration pursuant to 28 USC § 2201 and Rule 57 of the Federal Rules of Civil Procedure that it does not insure, have an obligation to defend or indemnify defendant Arriaga with respect to the claims being made in the state court litigation by the Deutsch's and Witherspoon.

7.

Petitioners in the state court litigation, Jules Deutsch and Cynthia Deutsch, have filed a Petition for Damages against Witherspoon Construction Company, Inc. wherein they allege

that Witherspoon repaired the roof on their home that was damaged by Hurricane Katrina. (See Exhibit "A")

8.

Petitioners in the state court litigation alleged that the repairs referred to above were completed by July of 2006.

9.

Subsequent to that, petitioners in the state court litigation allege that they discovered multiple leaks in said roof on or about May 4, 2007.

10.

Witherspoon Construction has filed a third party demand and an amended third party demand naming defendant Arriaga as a third party defendant seeking indemnity for Arriaga's fault. (See Exhibit "B")

11.

Third party petitioner Witherspoon Construction alleges that it subcontracted the roof repair work to be performed on the roof at issue on or about April 6, 2006; that defendant Arriaga herein began said work in May of 2006 and ceased said work in July of 2006.

12.

Witherspoon Construction alleges in the amended third party demand filed in the state court litigation that all of the damages complained of by petitioners in said litigation are attributable to the sole fault of defendant Arriaga herein and is seeking indemnity from defendant Arriaga for all of the claims made by petitioners in the state court litigation related to the roof repair at issue.

13.

Petitioners in the state court litigation are seeking as damages return of the money it paid Witherspoon Construction which is alleged to be $46,779.60 as well as the cost of removing and repairing the said roof which sum is alleged to be $42,650.00 as well as those other items of damages identified in Paragraph 37 of the Petition for Damages filed in the state court litigation.

14.

Complainant avers that on or about February 5, 2005 and again on February 12, 2007, defendant Arriaga filled out a "Contractor Supplemental Application" regarding the policy issued by First Financial Insurance Company as identified above.

15.

Complainant avers that in said application, defendant Arriaga described the work he specialized in as "painting" and then "painting-tile work."

16.

In addition, complainant avers that in both applications, defendant Arriaga was specifically asked: "Have you ever done or will you do any roofing work this year?" Defendant Arriaga responded "No" both times.

17.

Complainant avers that the policy issued to defendant Arriaga contains an exclusion for "Undeclared Operations, Premises, or Locations" and said endorsement excludes coverage, in part, for "property damage" arising out of operations or "product-completed operations" not included in the Classification schedule in the policy, whether or not such operations or

"product-completed operations" are continuance, intermittent, incidental, temporary or seasonal in nature.

18.

Complainant avers that the only classification identified in the Schedule of Classifications in the policy at issue for defendant Arriaga is "Painting - interior - buildings or structures." Complainant First Financial avers that third party petitioner Witherspoon Construction's allegations that defendant Arriaga performed roofing work on the house at issue does not fall within the classification identified in the policy set forth above and therefore there is no coverage present for defendant Arriaga under the policy issued by complainant herein and as a result Complainant does not insure or have an obligation to defend or indemnify defendant Arriaga regarding the claims made by the Deutsch's and Witherspoon in the state court litigation.

19.

Complainant further avers that in the event there is coverage for defendant Arriaga under the subject policy, which is at all times denied, then in that event said coverage is severally limited by several exclusions contained in the policy.

20.

In particular, complainant avers that any claims for any defective work or product of defendant Arriaga are specifically excluded by what are commonly referred to in the insurance industry as "work product" exclusions and said exclusions are found in complainant's policy at Section II(j)(k)(l) and (m).

21.

Furthermore, complainant avers that third party petitioner Witherspoon Construction's claims of breach of contract and breach of the warranty for workmanlike performance as alleged in the amended third party demand filed in the state court litigation do not qualify as "property damage" or otherwise as an "occurrence" under the policy at issue and therefore no coverage is present for defendant Arriaga for such claims.

22.

In further particular, complainant avers that some or all of the claims being asserted are excluded by the Fungi or Bacteria Exclusion in the policy at issue which excludes property damage which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of an "fungi or bacteria" on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or any sequence to such injury or damage and further excludes any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or any way responding to, or assessing the effects of "fungi or bacteria" by any insured or by any other person or entity.

23.

Complainant avers in the further particular coverage is excluded for some or all of the claims at issue by the "Total Pollution Exclusion Endorsement" contained in the policy at issue which excludes coverage for property damage which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, disbursal, seepage, migration, release or escape of "pollutants" at any time and any loss, cost or expense arising out of (a) any

request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "pollutants"; or (b) claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of "pollutants".

WHEREFORE, premises considered, after all legal delays have passed and due consideration is given herein, that this Court, pursuant to 28 USC §2201 and Rule 57 of the Federal Rules of Civil Procedure, enter a declaratory judgment in favor of complainant, FIRST FINANCIAL INSURANCE COMPANY, against defendant, JOSE ARRIAGA d/b/a HOME IMPROVEMENT SERVICES, declaring that complainant FIRST FINANCIAL INSURANCE COMPANY does not insure, have a duty to defendant or provide coverage to defendant, JOSE ARRIAGA d/b/a HOME IMPROVEMENT SERVICES, regarding the claims asserted by Witherspoon Construction Company, Inc. in the state court litigation referred to above.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted;

RABALAIS, HANNA & HEBERT

_____
CHRISTOPHER H. HEBERT (#20217)
701 Robley Drive, Suite 210
Lafayette, LA 70503
Telephone: (337) 981-0309