UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRST FINANCIAL INSURANCE    *        CIVIL ACTION
COMPANY

VERSUS                       *        NO: 09-7349

JOSE ARRIAGA D/B/A HOME      *        SECTION: "D"(4)
IMPROVEMENT SERVICE, ET AL

**ORDER AND REASONS**

Before the court are the following motions:

(1) **"Motion to Dismiss Without Prejudice, or, Alternatively, Stay Proceedings" (Doc. No. 10)** filed by Defendant, Witherspoon Construction Company, Inc.; and

(2) **"Motion to Dismiss the Complaint Declaratory Judgment, or, in the Alternative, to Stay Proceedings (Doc. No. 13)** filed by Defendants, Jules Deutsch and Cynthia Deutsch.

Plaintiff, First Financial Insurance Company, filed memoranda in opposition to these motions. The motions, set for hearing on Wednesday, February 10, 2009, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that this matter should be stayed in light of the underlying state court

proceeding.

## I. Factual Background

### A. The *Deutsch* state court case

On April 1, 2008, the Deutsches filed suit against Witherspoon Construction and its alleged general liability insurer claiming breach of contract, faulty workmanship and negligence for Witherspoon Construction's installation of a roof on the Deutsches' home post-Katrina. On March 8, 2009, Witherspoon Construction filed a third-party demand against its alleged subcontractor, Arriaga, seeking indemnity from Arriaga to the extent that Witherspoon Construction is found liable on Plaintiff's claims.

On July 7, 2009, Witherspoon Construction filed an amended third-party demand adding ABC Insurance Company, the unidentified commercial general liability insurer of Arriaga, alleging that "ABC had in force and effect for Arriaga a policy of commercial general liability insurance which affords coverage to Arriaga for the claims asserted by WCC herein, and, therefore, is solidarily liable for its insured for such claims."[1] On December 14, 2009, Witherspoon Construction filed another amended third-party demand naming First Financial as Arriaga's alleged general liability insurer. First Financial has been providing Arriaga with a defense

---

[1] *See* ¶XII of Witherspoon Construction's Amended Third-Party Demand, contained in Doc. No. 8-5, at pp. 30-33.

against Witherspoon Construction's third-party demands.[2]

On January 26, 2010, First Financial filed an Exception of *Lis Pendens* requesting that Witherspoon Constructions' third-party demand be stayed in light of First Financial's declaratory judgment action filed in federal court on November 16, 2009. Further, on January 26, 2010, the Deutsches filed a Motion for Leave to File a Supplemental Petition adding Arriaga and First Financial as additional Defendants.

## B. *First Financial's* federal court case

On November 16, 2009, First Financial filed the instant declaratory judgment action seeking a determination concerning whether it provides coverage and has an obligation to defend and/or indemnify Arriaga regarding claims asserted against Arriaga in the state court matter (discussed above). In its federal complaint, First Financial named as Defendants: Arriaga (its alleged insured); the Deutsches (the homeowners); and Witherspoon Construction. The Deutsches and Witherspoon Construction now move this court to dismiss or stay this action in light of the state court matter (discussed above).

## II. Legal Analysis

Under the Declaratory Judgment Act,

---

[2] *See* First Financial's federal "Complaint for Declaratory Judgment." (Docket No. 09-7349, Doc. No. 1-8 at ¶4).

> a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1985).

In deciding whether to stay this declaratory judgment proceeding, the court considers the following non-exclusive factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit in federal court

would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383,388 (5th Cir. 2003)(known as the *Trejo* factors).

Applying these factors here, the court finds that: there is a state action pending since April 1, 2008, in which all the matters in controversy may be litigated.[3] There is no direct evidence of forum shopping, but First Financial filed this declaratory judgment action after its insured (Arriaga) had been named in Witherspoon Construction's initial third-party demand filed in the state court action on July 7, 2009, and after Witherspoon Construction amended its third-party demand to include allegations against Arriaga's

---

[3] In this declaratory judgment action, First Financial raises issues over whether it owes Arriaga a defense and insurance coverage. Assuming that the state court denies First Financial's Exception of *lis pendens* (as to Witherspoon Construction's third party demand) and grants the Deutsches their Motion for Leave to File First Supplemental Petition for Damages, First Financial can certainly raise these same defenses/issues in Answers/Responses to the Witherspoon Constructions' third-party demand and the Deutsches' Supplemental Petition.

unnamed insurer on July 7, 2009.[4] Louisiana substantive law would be applied in both the state and federal forums. The state and federal forums are equally convenient (making this factor a neutral one). First Financial has not requested that this court construe a state judicial decree involving the same parties and entered by the court before whom the parallel state court is pending. Staying this matter in light of the underlying state court action will promote judicial efficiency and economy as significant discovery has been completed in the state court action.

Accordingly;

**IT IS ORDERED** that Defendant Witherspoon Construction's alternative **Motion to Stay Proceedings (Doc. No. 10)** be and is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Deutsches' alternative **Motion to Stay Proceedings (Doc. No. 13)** be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action **CLOSED** for statistical purposes; and

**IT IS FURTHER ORDERED** that the court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion

---

[4] First Financial filed its declaratory judgment action in ths court on November 16, 2009. On December 14, 2009, in the state court proceeding, Witherspoon Construction again amended its third-party demand by identifying First Financial as Arriaga's previously unidentified liability insurer.

if circumstances change.  This order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this **10th** day of **February**, 2010.

                                                                                           _____
                                                                                            A.J. McNAMARA
                                                                      UNITED STATES DISTRICT JUDGE